STATE OF HAWAl'l, Plaintiff-Appellee,
v.
DEREK K. MONTERVON, Defendant-Appellant and
WILLIAM L. BAILEY, Defendant.
No. 28541
Intermediate Court of Appeals of Hawaii.
January 22, 2009.
On the briefs:
Walter J. Rodby, for Defendant-Appellant.
James M. Anderson, Deputy Prosecuting Attorney, City and County of Honolulu for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, Presiding Judge, FUJISE, and LEONARD, JJ.
Defendant-Appellant Derek K. Montervon (Montervon) appeals from the Judgment filed on April 23, 2007, in the Circuit Court of the First Circuit (circuit court).[1] A jury found Montervon guilty as charged of unlawful methamphetamine trafficking for distributing less than one-eighth ounce of methamphetamine, in violation of Hawai'i Revised Statutes (HRS) § 712-1240.6(3) (Supp. 2005).[2] The circuit court sentenced Montervon to a term of imprisonment of ten years, with a one-year mandatory minimum.
Montervon's sole argument on appeal is that there was insufficient evidence to support his conviction. We affirm.

I.
When viewed in the light most favorable to the prosecution, State v. Uqalino, 107 Hawai'i 144, 158, 111 P.3d 39, 53 (App. 2005), the evidence established the following.
Honolulu Police Department (HPD) Officers Len Fujinaka and Lei Ann Yamada were working in an undercover capacity in Waikiki. Officer Fujinaka was riding a bicycle on Kuhio Avenue when William Bailey (Bailey), Montervon's co-defendant, signaled for Officer Fujinaka to come over. Bailey offered to sell Officer Fujinaka 1/32 ounce of crystal methamphetamine and Officer Fujinaka expressed interest. Officer Fujinaka said he needed to get money for the purchase and they agreed to meet in an hour.
When Officer Fujinaka returned, Bailey stated that Bailey had not been able to contact his usual supplier. Bailey said, " [L] et me try Uncle Keala," who was later identified as Montervon, and Bailey used Officer Fujinakafs cell phone to call Montervon. Officer Fujinaka heard Bailey say, "What, uncle? You get[,]" and then, "Okay, I meet you there now." Bailey hung up and told Officer Fujinaka, "Okay, we go meet Uncle Keala at the Monarch Hotel." At that point, Officer Yamada, posing as Officer Fujinaka's girlfriend, joined them.
Eventually, Bailey arranged to meet Montervon at a different location. When Montervon and "Boy Avila" (Avila) arrived, Montervon stayed behind and only Avila walked up to Bailey and the officers. Bailey asked Officer Fujinaka for the money, and Officer Fujinaka handed Bailey $130 in prerecorded currency. Bailey and Avila then walked back to Montervon. Officer Yamada, from a distance of fifteen feet, saw Bailey hand the money to Avila. Avila thumbed through the money, returned some of the money to Bailey, and placed the remaining amount into Montervon's pants pocket. Montervon reached into a different pocket, pulled out his closed hand, and turned the hand so that his palm was facing upwards. Bailey used his left hand to take what was in Montervon's hand. Bailey then placed Bailey's left hand in Bailey's left pants pocket. Officer Yamada could not see what exactly was passed between Montervon and Bailey because it was too small.
Montervon and Avila departed and Bailey rejoined the officers. Bailey explained that he was only able to obtain $50 worth of methamphetamine, and Bailey returned $80 to Officer Fujinaka. The officers and Bailey walked to a loading dock and Bailey pulled out three small baggies from his left pants pocket. Bailey gave Officer Yamada two baggies containing 0.137 grams (net weight) of a substance containing methamphetamine. Bailey put the third baggie in his duffle bag. Montervon was arrested later that same day and was found in possession of $50 of the prerecorded money that Officer Fujinaka had given to Bailey.

II.
We conclude that there was sufficient evidence to support Montervon's conviction. When viewed in the light most favorable to the prosecution, there was substantial evidence to show that Montervon knowingly distributed methamphetamine by selling and supplying the methamphetamine that Bailey delivered to Officer Yamada. State v. Smith, 106 Hawai'i 365, 372, 105 P.3d 242, 249 (App. 2004). Bailey arranged to sell methamphetamine to Officer Fujinaka, but Bailey did not have any methamphetamine in his possession. Bailey therefore contacted Montervon and waited for Montervon to arrive. Officer Yamada, posing as Officer Fujinaka's girlfriend, joined Bailey and Officer Fujinaka. Bailey provided Montervon with money that Officer Fujinaka had given Bailey to purchase the methamphetamine. In return, Montervon gave Bailey something that Bailey placed in his left pants pocket. Baily and the officers walked to another location where Bailey took three baggies of methamphetamine from the same pants pocket and gave two of them to Officer Yamada. The circumstantial evidence was sufficient to establish that Montervon had sold and supplied the methamphetamine that Bailey gave to Officer Yamada.
Montervon suggests that the evidence was insufficient based on the exculpatory testimony that he and Bailey provided. The jury, however, was free to reject this testimony. See State v. Bui, 104 Hawai'i 462, 467, 92 P.3d 471, 476 (2004); United States v. Quiroz-Hernandez, 48 F.3d 858, 868 (5th Cir. 1995).
III.
We affirm the April 23, 2007, Judgment entered by the circuit court.
NOTES
[1] The Honorable Steven S. Aim presided.
[2] At the time of alleged offense, HRS § 712-1240.6 (Supp. 2005) provided in relevant part:

(1) A person commits the offense of unlawful methamphetamine trafficking if the person knowingly manufactures, distributes, dispenses, or possesses with intent to manufacture, distribute or dispense, one or more preparations, compounds, mixtures, or substances of methamphetamine, or any of its salts, isomers, and salts of isomers.
. . . .
(3) The manufacture, distribution, or dispensing of one or more preparations, compounds, mixtures, or substances of an aggregate weight of less than one-eighth ounce of methamphetamine, or any of its salts, isomers, and salts of isomers is a class B felony . . . .
HRS § 712-1240.6 was repealed effective June 22, 2006, by 2006 Haw. Sess. L. Act 230, § 50.